**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| GOVERNMENT OF GUAM, MICHAEL J.B. BORJA, in his capacity as Director of Land Management,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM WATERWORKS AUTHORITY, a Guam Public Corporation,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>CORE TECH INTERNATIONAL CORPORATION, YOUNEX ENTERPRISES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. <u>CV1198-18</u><br><br><br>**DECISION AND ORDER RE MOTIONS TO RECONSIDER** |

Following its August 14, 2023 Decision and Order ("D&O"), the Court here considers motions for reconsideration filed by Guam Waterworks Authority and Core Tech International Corporation, as well as a Request for Ruling filed by the Government of Guam. The D&O ruled on GWA's second Motion for Summary Judgment and Core Tech's Motion to Dismiss and Motion for Summary Judgment against GWA. The Court DENIES both reconsideration motions. Additionally, the Court DENIES the Government of Guam's Cross-Motion for Summary Judgment, originally filed on April 28, 2021, and reasserted in the Government's request for a ruling.

ORIGINAL

## I. RECONSIDERATION STANDARD

Core Tech moves for reconsideration under CVR 7.1(i), while GWA moves for reconsideration under Guam Rules of Civil Procedure 59(e) and 60. CVR 7.1 governs general motion practice, including pretrial matters, and sets three grounds upon which reconsideration may be sought:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

CVR 7.1(i). Finally, a motion for reconsideration may not repeat arguments made in support of or in opposition to the original motion. CVR 7.1(i).

In contrast, by their language, Rules 59(e) and 60 apply to post-judgment relief. GRCP 59(e) (motion to amend a judgment) and 60(b) (relief from final judgments or orders); *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541 (7th Cir. 2016) (Rule 60(b) does not apply to interlocutory orders). While the Guam Supreme Court has ruled that a court does not err if it chooses to utilize these rules when considering a reconsideration motion, the Guam Supreme Court has not mandated trial courts to do so. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 21. The use of Rule 59(e) and 60(b) is limited to extraordinary situations. *Id.*; *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 (3rd Cir. 1987) ("[t]he remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.").

Because CVR 7.1(i) appears directly applicable to the pre-judgment D&O sought to be reconsidered here, the Court will confine its analysis to the standards provided by that local rule.

ORIGINAL

## II.    GWA'S MOTION FOR RECONSIDERATION

### A.    Fee Simple Absolute vs. Fee Simple Determinable

GWA first claims that the Court was compelled to find that Gov. Guam conveyed the NDWWTP in fee simple absolute without conditions—not fee simple determinable as determined in the August 14 D&O.  While GWA's second motion for summary judgment argued that the 1997 Grant Deed conveyed title in fee simple absolute, GWA itself recommended to the Court that it consider another form of title—fee simple with a condition subsequent.  *See* GWA's Reply at 7 (Mar. 29, 2023).  In other words, GWA invited the Court to consider forms of title other than fee simple absolute.

Setting aside GWA's contradictions, reconsidering legal arguments is not an available basis for reconsideration under CVR 7.1(i).  The Court declines to reconsider this issue and stands by its analysis in the August 14 D&O.

### B.    Waiver of Survey Requirements

GWA headlines its second issue as arguing the Court erred in finding that survey requirements could not be waived by the grantor.  The substance of its argument, in contrast, details three distinct issues:  (1) the Court erred in finding that 21 GCA § 4206 applies only to fee simple subject to a condition subsequent and not to fee simple determinable; (2) 18 GCA § 80409 contains a presumption about the forfeiture of land; and (3) the Court overlooked undisputed facts that Gov. Guam waived survey requirements.  The first two are continued disagreements with the Court's legal findings.  CVR 7.1(i), however, does not allow for reconsideration of legal arguments unless there has been a material change in law.  The Court therefore declines to review the first two issues on that basis.

ORIGINAL

As for the third issue, the Court disagrees that it made a finding that survey requirements could not be waived by the grantor. Instead, what the Court determined was that in the 1997 Grant Deed, Gov. Guam granted fee simple determinable title—not fee simple absolute, fee simple with a condition precedent, or fee simple with a condition subsequent—and that the Gov. Guam did not complete the survey map requirements timely.

The issue of waiver was barely mentioned or argued. The term "waiver" is not even in GWA's Statement of Undisputed Material Facts. The Court therefore determines that in focusing instead on the issue of title and concluding that the Gov. Guam did not extend the survey map requirement after 2009 (until 2017), the Court reviewed all material facts relevant to the issue of the survey requirements and did not overlook a material issue. Reconsideration is therefore not warranted.

## C. After-Acquired Title Doctrine

Next, GWA contends that the Court erred in applying the After-Acquired Title Doctrine and interpreting quitclaim deeds. GWA asks the Court to infer that because Gov.Guam did not own the plant property in 2002 and 2006, interest in the property could not have been conveyed at the time. These arguments repeat those presented in GWA's second Motion for Summary Judgment, and therefore are not proper for reconsideration. CVR 7.1(i); GWA's Mot. Summ. J. (Feb. 14, 2023). In addition to being raised before, to the extent GWA argues the Court committed a legal error, it has not raised a valid basis for reconsideration.

To the extent GWA is arguing the Court failed to consider a material fact, the Court does not find reconsideration proper. In examining whether the after-acquired title doctrine applied, the Court's August 14 D&O utilized the canons of construction the Guam Supreme Court established for the doctrine in *Taitano v. Lujan*, 2005 Guam 26, and *Camacho v. Perez*, 2017

Guam 16. "The after-acquired title doctrine is applicable if, and only if, the quitclaim instrument contains explicit language that the grantor is conveying a future interest to the grantee." *Camacho*, 2017 Guam 16 ¶ 33. "[W]here it appears that the intention of the parties was to convey the fee simple or any definite estate in the land, effect will be given to such intention, and the deed will operate by way of estoppel, so that any estate subsequently acquired by the grantor will insure to the grantee . . . *even in the absence of any warranty whatever.*" *Taitano*, 2005 Guam 26 ¶ 49. Following these authorities, the Court rejected GWA's argument that Core Tech could not avail of the doctrine to support its arguments that title passed to Gov. Guam and then Core Tech's predecessors once GWA failed to satisfy the survey map requirements. The Court found that the 2002 and 2006 deeds—albeit quitclaim deeds—still contained the seminal language to "grant" the interests in the conveyed lots. Moreover, the language of the Quitclaim Deeds recognized the importance of returning land to those holding ancestral land rights.

GWA's argument disputes the manner in which the Court interpreted the Quitclaim Deeds and seems to suggest that when reviewing whether to apply the doctrine, the Court should consider whether the grantor had the property in the first place. But that's the point of the after-acquired title doctrine. It's used to estop a person who has conveyed his interest in property from claiming that the conveyance meant nothing once the grantor subsequently acquires the title. *Camacho*, 2017 Guam 16 ¶ 23 (the "doctrine operates on an estoppel theory").

The Court abided by *Taitano* and *Camacho* in finding that the fact that the deeds were Quitclaim Deeds was not enough to defeat application of the after-acquired title doctrine. Because the Quitclaim Deeds granted the GALC and then the Torres Estate an interest in the subject properties, there was no barrier to applying the after-acquired title doctrine. The Court declines to reconsider its decision that the after-acquired title doctrine applied in this situation.

**D.     The Status of the Certificates of Title & Government's Counter-Motion for Summary Judgment**

GWA asks the Court to reconsider or clarify the impact of its D&O concerning Core Tech's reliance on Certificates of Title. Gov. Guam joins in this request and asks the Court to rule on its Cross-Motion for Summary Judgment, which the Court deferred ruling on in a September 9, 2022 Decision and Order. Gov. Guam had asked the Court to determine that Core Tech was not a bona fide purchaser and therefore not entitled to a Certificate of Title. In its September 9, 2022 Decision and Order, the Cout deferred its ruling because the state of title remains in active litigation.

Generally, this remains the Court's position. Gov. Guam and DLM ask the Court to cancel and amend certificates of title, which are evidence of but not determinative of title. *Pelowski v. Taitano,* 2000 Guam 34 ¶ 31. The Court intends to resolve the title and ownership issues before turning its attention to potentially amending and cancelling Certificates of Title.

Lastly, the Court addresses GWA's concern as to whether the August 14 D&O makes a determination as to the superiority of Core Tech's title. The Court's discussion as to whether Core Tech can rely on the Certificates of Title did not determine that the Certificates relied upon were evidence of Core Tech's ownership. It was the Court's determination that Guam law did not require Core Tech to be a bona fide purchaser in order to be able to rely on the Certificates of Title. To the extent the Court implied otherwise in the third and fourth sentences of page 2 of the August 14 D&O, the Court retracts those sentences from that Decision and Order.

## III.    <u>CORE TECH'S MOTION FOR RECONSIDERATION</u>

### A.     Statute of Limitations

Core Tech asks the court to review three errors relative to its decision finding that GWA is within the statute of limitations.


ORIGINAL

First, Core Tech contends the Court erred in determining that GWA's possession of the NDWWTP is an undisputed fact, as Core Tech has only admitted to GWA's occupation of a *portion* of Lot AL-002. Core Tech then contends there may be confusion as to what lots it has been in possession or partial possession.

In reviewing the issue of which entity was in possession of the lots in question, the Court looked to the pleadings and the parties' Statement of Material Facts. As Core Tech was the movant in this case, it was incumbent on Core Tech to set forth material facts relative to its possession so that the Court could determine if summary judgment was appropriate. As the Court noted in the August 14 D&O, Core Tech's Statement did not reference facts regarding possession. Core Tech also admitted that GWA occupied a portion of Lot AL-002. That information was sufficient to deny summary judgment.

The Court is willing to make a clarification, however. If Core Tech's admission was that GWA has been in possession of a *portion* of the property, the Court is willing to allow Core Tech to continue to make that assertion and not be bound by a determination that GWA has been in possession of the *entire* property.

Core Tech's second issue for reconsideration contends the Court's analysis of the limitations period under 7 GCA § 11202 erred in not considering that GWA is a grantee of the Government, and that GWA therefore inherited whatever limitations applied against the Government. The Court, however, analyzed section 11202 specifically, and caselaw explaining it, and the Court understood that the point of section 11202 is to look at the rights of the government when looking at the rights of a government grantee. As referenced above, Core Tech's failures to meet the burden of proof on a summary judgment motion was sufficient to deny the motion.

ORIGINAL

Third, Core Tech states that the Court overlooked the registered status of Lots 10184-6, 10184-7, and 10184-8. Per Core Tech, because these lots are registered, Guam caselaw on Torrens actions prevailed, and the Court should have considered GWA's Petition untimely under a newly raised limitations period, 7 GCA § 11204 – Limitation of Actions Relating to Registered Land. But it was Core Tech that insisted the Court utilize California caselaw relative to the limitations periods it proffered as applicable, 7 GCA §§ 11201 and 11202: "Because 7 GCA §§ 11201 – 11202 derives from California Code of Civil Procedure §§ 315-316, California cases interpreting CCP §§ 315 and 316 are highly persuasive." Reply Brief to GWA Opp'n at 3 (May 14, 2021). Moreover, nowhere in its motion, reply, or supplemental reply did Core Tech suggest that the Court look to the registered status of these properties, or to the limitations period for registered properties, when examining the limitations issue. The Court declines to address these new arguments on reconsideration.

## B.    Lot Numbers and Conveyance of Lots

Also in its Motion for Reconsideration, Core Tech argues that the Court overlooked material facts in determining that the 1997 Grant Deed included the Northern District Wastewater Treatment Plant. The August 14 D&O held that the 1997 Grant Deed encompassed a conveyance of the Plant. To determine the intent of the deed, the Court inspected it page-by-page and line-by-line, studying each of the 205 conveyances listed within the deed to determine where there were similarities and differences between the relevant entry, #195, and the other 204 entries. Finally, the Court referenced surrounding circumstances—specifically, the principles to construe grants in favor of the Government and also to transfer water-related resources to the government agency responsible for managing those resources. Utilizing that procedure, the

ORIGINAL

Court found "it must construe the document to favor a transfer of the NDWWTP—and not just the Easement—to GWA." Aug. 14 D&O at 21.

Core Tech claims that the Court overlooked the material fact that #195 did not contain a lot number, but admits the Court addressed that issue. Core Tech Mot. Reconsideration at 12 (Oct. 12, 2023). Core Tech seems to simply disagree with the Court's analysis. However, by Core Tech's own admission, the Court considered and weighed this particular fact. It is therefore not a basis for reconsideration.

Additionally, Core Tech argues that the Court's error on Core Tech's position on whether the 1997 Grant Deed conveyed title to the NDWWTP rendered deficient the Court's analysis on the issue of whether the 1997 Grant Deed included a conveyance of the NDWWTP. In contrast to Core Tech's position, the Court's analysis on what the 1997 Grant Deed contained made no reference to Core Tech's positions. As explained above, the Court's analysis was limited to the deed itself and the surrounding circumstances. For this reason, the Court finds no basis to reconsider its finding that the 1997 Grant Deed conveyed the NDWWTP.

## IV.    CONCLUSION AND ORDER

The Court DENIES both motions to reconsider and DENIES the Government's Cross-Motion for Summary Judgment. The Court sets a Status Hearing for May 15, 2024, at 1:30 p.m. to discuss the next phase of this matter.

**SO ORDERED, 16 April 2024.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

*To attend or to participate in the hearing, you may appear (1) in person at the Guam Judicial Center; or (2) appear remotely at https://guamcourts-org.zoom.us and enter
Meeting ID: 864 4387 2213
Passcode: JEMI

ORIGINAL

Appearing Attorneys:
Graham Botha, Esq., Assistant Attorney General, Office of the Attorney General, for the
       Government of Guam and the Director of Land Management
Theresa G. Rojas, Esq., Guam Waterworks Authority, Vincent Leon Guerrero, Esq., Law Office
       of Vincent Leon Guerrero, and Rodney Jacob, Esq., Calvo Jacob Pangelinan, for GWA
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, for Core Tech International
       Corporation


ORIGINAL